[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
On August 27, 1993, the jury in this personal injury action returned a plaintiff's verdict and judgment was entered thereon that day. The defendant now seeks to re-open this judgment for the purpose of receiving evidence of collateral sources pursuant to Connecticut General Statutes 52-225a. General Statutes 225a(b), however, provides in pertinent part:
 (b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
Since the defendant did not seek to introduce evidence of CT Page 1545 collateral sources prior to judgment, he is barred from now introducing such evidence. See Connecticut General Statutes52-225a(b).
 II.
The defendant has also submitted a bill of costs and claims that he is entitled to costs because he filed an offer of judgment on the plaintiff or his attorney and the offer was for more than the eventual verdict. While the certification stated that the offer was hand-served, the defendant now admits that the offer was faxed. Hand delivery and mailing are the proper means of service. Conn. Practice book 122. Service by fax is not authorized.
Moreover, no evidence has been presented concerning the sending and delivery of this offer. The representations of counsel are not considered here as such representations carry no evidentiary weight. See State v. Patterson, 316 Conn. App. 278,292 (1993).
Accordingly, the bill of costs is not allowed.
McDONALD, J.